1  TRISH M. HIGGINS (State Bar No. 119215)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  400 Capitol Mall, Suite 3000
   Sacramento, California 95814-4497
3  Telephone:   916-447-9200
   Facsimile:    916-329-4900
4
   ERIN M. CONNELL (State Bar No. 223355)
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, California 94105-2669
7  Telephone:   415-773-5700
   Facsimile:    415-773-5759
8
   Attorneys for Defendant
9  Morgan Stanley & Co., Inc.

10            UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12

13  RICHARD A. KWAK,                   Case No. '08 CV 689  BEN POR

14              Plaintiff,             NOTICE OF REMOVAL BY
                                       DEFENDANT MORGAN STANLEY
15       v.                            & CO., INC.

16  MORGAN STANLEY & CO.,
    INCORPORATED; and DOES 1-20,
17  inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

OHS West:260416870.1

FILED

08 APR 15 PM 3:39

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

9918

DEPUTY

VIA FAX

1    To the Clerk of Court, Plaintiff Richard A. Kwak ("Kwak" or "Plaintiff"), and his

2    attorneys of record:

3    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441 *et seq.*, defendant

4    Morgan Stanley & Co., Inc. ("Morgan Stanley" or "Defendant") hereby removes this action from

5    the Superior Court of California for the County of San Diego to this Court, based on the

6    following facts:

**PROCEEDINGS TO DATE**

7

8    1.    On March 13, 2008, a civil action was commenced in the Superior Court of

9    California for the County of San Diego entitled "Richard A. Kwak, Plaintiff, vs. Morgan Stanley

10   & Co., Incorporated; and Does 1 through 20, inclusive, Defendants," No. 37-2008-00079870-CU-

11   OE-CTL (the "Action"). Attached as Exhibit A to this notice is a true copy of the Complaint and

12   Summons and other papers issued with the Complaint. The allegations of the Complaint in the

13   Action are incorporated by reference in this notice without necessarily admitting any of them.

14   2.    Service of the Complaint on Morgan Stanley was completed on April 2, 2008. *See*

15   Declaration of Erin M. Connell in Support of Defendant's Notice of Removal ("Connell Decl."),

16   ¶ 2 & Ex. 1. Thus, this notice is timely as it is filed within thirty (30) days of service on a

17   defendant of a copy of the Complaint in this matter. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc.*

18   *v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day period for removal runs

19   from the date that service is completed as required by state law).

20   3.    On April 15, 2008, Morgan Stanley filed with the San Diego County Superior

21   Court and served Plaintiff with its Answer to Plaintiff's Unverified Complaint, a true copy of

22   which is attached hereto as Exhibit B.

23   4.    Morgan Stanley is informed and believes and on that basis alleges that there have

24   been no other named defendants in this case and that no other defendant, whether named or not,

25   has been served with or otherwise received the Complaint in the Action.

**DIVERSITY JURISDICTION**

26

27   5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

28   § 1332, as (i) Defendant Morgan Stanley is a citizen of a different state than Plaintiff, and

OHS West:260416870.1

NOTICE OF REMOVAL BY DEFENDANT MORGAN
STANLEY & CO., INC. (CASE NO. _____)

1   (ii) Defendant is informed and believes, and therefore alleges, that the amount in controversy

2   exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action is removable

3   pursuant to 28 U.S.C. § 1441(a).

4   **GROUNDS FOR REMOVAL**

5        6.     This action is a civil action between citizens of different states, for purposes of 28

6   U.S.C. § 1332(a)(1), because Plaintiff and Morgan Stanley are of diverse citizenship.

7        a.     **Plaintiff's Citizenship.** Kwak alleges that he is, and at all relevant times

8   was, a resident of California. Complaint, ¶ 1. Additionally, Kwak is a

9   United States citizen. *See* Declaration of Yvette Hofsaess ("Hofsaess

10   Decl."), ¶ 2. Accordingly, Kwak is a citizen of California. *See Kanter v.*

11   *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person is a

12   citizen of a state if the person is a United States citizen and domiciled in

13   that state).

14        b.     **Morgan Stanley's Citizenship.** Pursuant to 28 U.S.C. section 1332(c), "a

15   corporation shall be deemed to be a citizen of any State by which it has

16   been incorporated and of the State where it has its principal place of

17   business." Morgan Stanley is now, and ever since this action commenced

18   has been, incorporated under the laws of the State of Delaware, with its

19   principal place of business in the State of New York. See Hofsaess Decl.,

20   ¶ 3. Morgan Stanley conducts business in many states, does not conduct a

21   majority of its activities in any single state, and its corporate headquarters

22   is located in New York. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912

23   F.2d 1090, 1093 (9th Cir. 1990) (where corporation conducts business in

24   many states and does not conduct majority of its business in any single

25   state, state of corporate headquarters is the corporation's principal place of

26   business); Hofsaess Decl., ¶ 3. Additionally, the majority of Morgan

27   Stanley's employees and the majority of Morgan Stanley's tangible

28   properties are not found in California. *See id.* at 1094 (location of

OHS West:260416870.1       - 2 -       NOTICE OF REMOVAL BY DEFENDANT MORGAN
                                          STANLEY & CO., INC. (CASE NO. _____ )

1    employees and tangible property are relevant factors to determining if a

2    particular state is the location of the majority of corporate activity);

3    Hofsaess Decl., ¶ 3.

4        c.    **Doe Defendants**. Pursuant to 28 U.S.C. section 1441(a), the citizenship of

5    fictitious defendants is disregarded for purposes of establishing removal

6    jurisdiction under 28 U.S.C. section 1332; *see also Bryant v. Ford Motor*

7    *Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

8        7.    **Amount in Controversy.** This action meets the amount in controversy

9    requirement of 28 U.S.C. § 1332(b). Kwak alleges that he is entitled to indemnification for

10    "general and special damages in an amount which will be proven at the time of trial but in an

11    amount presently exceeding $530,000.00." Complaint, ¶ 48. Plaintiff also seeks exemplary

12    damages and attorneys' fees. Complaint Prayer, p. 12.

13        Accordingly, Morgan Stanley is informed and believes, and on that basis alleges, that it is

14    apparent from the Complaint that Plaintiff claims damages in an amount in excess of $75,000.

15    *See White v. FCI USA Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (it was facially apparent that

16    plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of

17    compensatory and punitive damages," including lost pay and benefits, impaired earning capacity,

18    and emotional distress, as well as her claim for attorney's fees). Thus, the amount in controversy

19    in the Action (exclusive of interest and costs) is in excess of $75,000.

20        8.    Based on the foregoing, this Action is subject to removal to this Court under

21    U.S.C. sections 1332(a) and 1441(a).

22    **VENUE**

23        Venue lies in the Southern District of this Court pursuant to 28 U.S.C. sections 1441(a)

24    and 84(d), as this action originally was brought in the Superior Court of the State of California,

25    County of San Diego.

26    **NOTICE OF REMOVAL**

27        9.    This Notice of Removal will be promptly served on Plaintiff and filed with the

28    Clerk of the Superior Court of the State of California in and for the County of San Diego.

OHS West:260416870.1    - 3 -    NOTICE OF REMOVAL BY DEFENDANT MORGAN
STANLEY & CO., INC. (CASE NO. _____)

1        10.    In compliance with 28 U.S.C. section 1446(a), attached are copies of the state-

2 court papers served herein – the Complaint and Summons (Exhibit A) and the Answer

3 (Exhibit B).

4        WHEREFORE, Defendant prays that this civil action be removed from the Superior Court

5 of the State of California, County of San Diego, to the United States District Court of the

6 Southern District of California, San Diego Division.

7

8 Dated: April 15, 2008.              TRISH M. HIGGINS
                              ERIN M. CONNELL

9                               ORRICK, HERRINGTON & SUTCLIFFE LLP

10                               By: _Erin Connell_____

11                                    Erin M. Connell

12                                 Attorneys for Defendant
                              Morgan Stanley & Co., Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORGAN STANLEY & CO., INCORPORATED;
and DOES 1 through 20, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL FILING SERVICE 2

2008 MAR 13 PM 4:22

CLERK SUPERIOR COURT
S. N DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD A. KWAK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA County of San Diego 330 West Broadway San Diego, CA 92101 Central Division | **CASE NUMBER** *(Número del Caso):* 37-2008-00079870-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Donald A. English, Esq. (State Bar No. 115569)    619-338-6610    619-338-6657
English & Gloven, A Professional Corporation
550 West C Street, Suite 1800
San Diego, CA 92101

DATE:                                    Clerk, by _____ LINDA SPENCE _____, Deputy
*(Fecha)* MAR 1 3 2008                    *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
@ Plus

Code of Civil Procedure §§ 412.20, 465

04/15/2008 13:59 FAX 415 773 5759          ORRICK,HERRINGTON                          ☒012/046
Case 3:08-cv-00689-BEN-LSP     Document 1     Filed 04/15/2008     Page 8 of 33

03/13/2008     17:50     ENGLISH GLOVEN → 19163294900                          NO.698     P004

Donald A. English, Esq.     (State Bar No. 115569)
Jeffrey E. Flynn, Esq.     (State Bar No. 167927)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| RICHARD A. KWAK, | Case No. |
| Plaintiffs, | 37-2008-00079870-CU-OE-CTL |
| | COMPLAINT FOR: |
| v. | 1. VIOLATION OF LABOR CODE SECTION 2802; |
| MORGAN STANLEY & CO., INCORPORATED; and DOES 1 through 20, inclusive, | 2. NEGLIGENCE PER SE; AND |
| | 3. DECLARATORY RELIEF |
| Defendants. | |

Plaintiff Richard A. Kwak ("Mr. Kwak") alleges as follows:

**The Parties**

1.     Mr. Kwak is, and at all times relevant herein was, an individual residing within the

County of San Diego, State of California.

2.     Defendant Morgan Stanley & Co., Incorporated ("Morgan Stanley") is, and at all times

relevant herein was, a corporation organized and existing under the laws of the State of Delaware,

registered to do business and doing business within the County of San Diego, State of California.

3.     Mr. Kwak is presently unaware of the true names and capacities of those defendants

named herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious

names. Mr. Kwak alleges that each of the individuals and/or entities designated as a DOE herein is in

some manner responsible and legally liable for the injuries and damages alleged in this complaint.

COMPLAINT

04/15/2008 13:59 FAX 415 773 5759     ORRICK,HERRINGTON                    ☐013/046
Case 3:08-cv-00689-BEN-LSP     Document 1     Filed 04/15/2008     Page 9 of 33

03/13/2008     17:50     ENGLISH GLOVEN → 19163294900                    NO.688     0005

1  Mr. Kwak will seek leave of court to amend this complaint when the true identities of the DOE

2  defendants are ascertained.

3      4.    At all times material and relevant herein, each of the defendants was an agent, employee

4  and/or representative of each of the other defendants and, in so doing the things herein alleged, was acting

5  with the knowledge and consent of his or her principal, agent, employee, and/or representative within the

6  purpose, course, and scope of such agency and/or employment. At all times material and relevant herein,

7  the acts and/or omissions of Morgan Stanley and DOES 1 through 20, and each of them, were and are

8  the acts and/or omissions of the other defendants, and each of them.

9  **Jurisdiction and Venue**

10      5.    Subject matter jurisdiction, personal jurisdiction and venue are proper for this action in

11  this Court because, at all times material and relevant herein, Mr. Kwak resided in the City of San Diego,

12  Morgan Stanley was doing business in the County of San Diego, the duties and conduct which form the

13  basis of this action and the injuries and damages resulting therefrom arise from an employer/employee

14  relationship that took place within the County of San Diego.

15  **General Factual Background**

16      6.    Mr. Kwak joined Morgan Stanley (then known as Dean Witter Reynolds, Inc.) in March

17  1998 as a senior investment advisor. Subsequent thereto, Mr. Kwak was employed and conducted all of

18  his business as a securities broker from Morgan Stanley's offices in San Diego, California.

19      7.    On or about April 2001, the Securities and Exchange Commission ("SEC") commenced

20  with a formal investigation ("SEC investigation") concerning the alleged manipulation of Competitive

21  Technologies, Inc. ("CTT") stock by CTT, one of its corporate officers, and several securities brokers,

22  including Mr. Kwak.

23      8.    The SEC investigation as to Mr. Kwak concerned trades of CTT stock initiated by

24  Mr. Kwak between July 1998 and June 2001. Each of the referenced trades were made by Mr. Kwak in

25  his capacity as a securities broker while employed by Morgan Stanley, were made from Morgan Stanley's

26  offices during business hours, and were subject to Morgan Stanley's review, supervision and approval.

27  ///

28  ///

2

COMPLAINT

9. Each of the referenced trades was made in direct consequence of the discharge of Mr. Kwak's duties as a securities broker for Morgan Stanley and was therefore broadly incidental to Morgan Stanley's employment enterprise.

10. Mr. Kwak believed and continues to believe that all of his conduct relating to each of the referenced trades complied with all applicable regulatory standards as well as with Morgan Stanley's own internal policies and procedures.

11. In addition to its review, supervision and approval of each of the referenced trades, Morgan Stanley received commissions on each of the trades. In so doing, Morgan Stanley ratified all of Mr. Kwak's conduct relating to the CTT trades.

12. Following the initiation of the SEC investigation, Morgan Stanley agreed to and did provide Mr. Kwak with both in-house and independent counsel with respect to Mr. Kwak's defense of the SEC investigation. More specifically, Morgan Stanley's in-house Senior Counsel Ronald Wood coordinated Mr. Kwak's defense with independent counsel Clifford C. Hyatt (formerly of Gray, Cary, Ware & Freidenrich and later Chadbourne & Park, LLP).

13. During the course of the SEC investigation, Morgan Stanley took the position that Mr. Kwak had engaged in no unauthorized or illegal conduct with respect to the referenced trades and/or any activity relating thereto. In addition, when filing formal responses to the SEC's allegations, Morgan Stanley submitted briefing which stated that Mr. Kwak had not engaged in any illicit trading, that the trades at issue caused no manipulative effect, that there were no matched orders, and that Mr. Kwak never maintained a manipulative purpose.

14. At no time during the course of the SEC investigation did Morgan Stanley ever take the position that the referenced trades were not performed as a consequence of the direct discharge of Mr. Kwak's duties as a securities broker with Morgan Stanley or that Mr. Kwak was acting outside the course and scope of his employment with Morgan Stanley.

15. In or about April 2004, Morgan Stanley learned that the SEC intended to proceed with a formal civil action against the targets of the SEC investigation, including Mr. Kwak. Shortly thereafter, Mr. Hyatt informed Mr. Kwak that he estimated that legal expenses associated with Mr. Kwak's defense in the formal proceeding could run up to $350,000 to $400,000 through trial.

3

COMPLAINT

16.    On or about June 1, 2004, Morgan Stanley withdrew the legal defense it had provided Mr. Kwak, including the services of Mr. Hyatt, stating that it had no duty to defend him.

17.    On August 11, 2004, the SEC filed a complaint in the United States District Court, District of Connecticut, Case No. 3:04-cv-1331-JCH ("the SEC action"). The SEC's complaint named CTT, CTT's Chief Executive Officer, and six stockbrokers, including Mr. Kwak, as defendants. The SEC's complaint alleged violations of Sections 9(a), 10(b), and 17(a) of the Securities and Exchange Act of 1934 ("Exchange Act") and other charges related to alleged attempts to manipulate the price of CTT stock.

18.    In August 2004, Mr. Kwak retained English & Gloven, A Professional Corporation ("English & Gloven") to represent his interests with respect to his rights against Morgan Stanley.

19.    Immediately thereafter, Mr. Kwak, through English & Gloven, sent Morgan Stanley several letters requesting that Morgan Stanley provide Mr. Kwak with a defense and indemnify him for all costs and expenses associated with the SEC action. In so doing, Mr. Kwak reminded Morgan Stanley of the cost effectiveness of assisting him with his defense of the SEC action by utilizing an attorney of their choosing if they liked (e.g., Mr. Hyatt) rather than forcing Mr. Kwak to fund his own defense with counsel unfamiliar with the SEC's allegations.

20.    Morgan Stanley rejected Mr. Kwak's request for a defense and instructed Mr. Kwak to present a request for indemnification at a later date.

21.    On or about September 2004, Mr. Kwak retained the services of the Connecticut based law firm Gersten, Clifford & Rome, LLP to defend him in the SEC action.

22.    The SEC action proceeded over the course of the next three years. Extensive discovery, law and motion proceedings, expert witness consultations, and other work associated with the defense of Mr. Kwak's interests were conducted. The significant costs associated therewith did and continues to create an extreme personal and financial hardship upon Mr. Kwak.

23.    During the course of the SEC action, CTT and several of the individual defendants settled out of the case.

24.    Trial against Mr. Kwak and two other remaining defendants went forward in or about early November 2007.

25.     On November 29, 2007, the jury in the SEC action returned its verdict.  The jury found Mr. Kwak not liable on the Section 17(a) claim of the Exchange Act and was unable to reach any findings on the remaining four counts against him.

26.     Mr. Kwak has incurred the following categories of necessary expenditures and/or losses in defending his interests in the SEC action:

    a.   approximately $60,294.45 in attorney's fees and costs arising from English & Gloven's representation of Mr. Kwak (through December 31, 2007);

    b.   approximately $453,441.93 in attorney's fees and costs arising from Gersten, Clifford & Rome's defense of Mr. Kwak in the SEC action (through November 30, 2007); and

    c.   approximately $16,355.97 in out-of-pocket expenditures associated with Mr. Kwak's defense of the initial SEC action (through November 30, 2007).

27.     Evidence of additional necessary expenditures and losses which have and continue to be incurred by Mr. Kwak will be presented at the time of trial.

28.     On December 12, 2007, Mr. Kwak sent a letter to Morgan Stanley requesting indemnification of all such necessary expenditures and losses pursuant to California Labor Code section 2802.  Morgan Stanley has failed to provide any formal response to Mr. Kwak's request for indemnity.

29.     On February 1, 2008, Mr. Kwak sent Morgan Stanley another letter requesting indemnity under Labor Code section 2802. Documentation supporting Mr. Kwak's indemnity claims were enclosed with the letter.  Morgan Stanley has failed to acknowledge or even respond to Mr. Kwak's letter.

30.     The SEC recently stated its intent to attempt to retry Mr. Kwak on the remaining 4 counts.  Trial is set to begin on or about July 7, 2008.

31.     Mr. Kwak intends to vigorously defend his interests in the retrial.  His ability to maintain and fund a defense, however, has been significantly hindered by Morgan Stanley's continuing refusal to honor its mandatory statutory obligation to indemnify him for all necessary expenditures and losses Mr. Kwak incurred in the defense of his interests through the first trial.

COMPLAINT

32.     Mr. Kwak's necessary expenditures and losses continue to accrue, both in the defense of his interests against the SEC claims which are subject to the retrial and with respect to his efforts to obtain indemnification from Morgan Stanley.  Evidence of these additional damages will be submitted at the time of trial.

### The Doctrines of Equitable and/or Judicial Estoppel and Waiver Prevent Morgan Stanley from Denying its Indemnification Obligation

33.     Mr. Kwak is informed and thereupon believes that Morgan Stanley will assert that Mr. Kwak is not entitled to indemnification under Labor Code section 2802 based on Morgan Stanley's claims that the trading activity targeted in the SEC action did not occur in the direct consequence of the discharge of Mr. Kwak's duties, and/or because the targeted activity falls within the illegal conduct exception of Labor Code section 2802, and/or because any indemnification obligations it may owe to Mr. Kwak have not been triggered.

34.     Mr. Kwak submits that Morgan Stanley is and should be equitably and/or judicially estopped from denying and/or has waived any right to deny its mandatory statutory duty to indemnify Mr. Kwak due to, without limitation, the following reasons:

a.     each of the trades at issue was conducted during the course of Mr. Kwak's employment with Morgan Stanley;

b.     each of the trades at issue and all activity associated therewith was conducted from Morgan Stanley's offices;

c.     each of the trades at issue was subject to Morgan Stanley's review, supervision and approval;

d.     Morgan Stanley did in fact review, supervise, and approve each of the trades at issue;

e.     Morgan Stanley received commissions on each and every trade at issue;

f.     in reviewing, supervising, approving, and receiving commissions on each and every trade, Morgan Stanley ratified all of the trading activity at issue;

6

COMPLAINT

g.   Morgan Stanley has never repudiated or disgorged the commissions it
     received from the subject trades;

h.   the referenced trading activity was broadly incidental to Morgan Stanley's
     employment enterprise;

i.   during the course of its defense of Mr. Kwak in the SEC investigation,
     Morgan Stanley took the position that Mr. Kwak had engaged in no
     unauthorized or illegal conduct, had not engaged in any illicit trading, that
     the trades at issue caused no manipulative effect, that there were no
     matched orders, and that Mr. Kwak never maintained a manipulative
     purpose. In so doing, Morgan Stanley further ratified and approved all of
     Mr. Kwak's conduct;

j.   Mr. Kwak has consistently maintained the subjective belief that the
     subject trading activity complied with all applicable regulatory standards
     as well as with Morgan Stanley's own internal policies and procedures;
     and

k.   the jury's November 29, 2007 finding of no liability on the Section 17(a)
     claim of the Exchange Act and inability to reach any findings on the
     remaining four counts serves as an absolute trigger of Morgan Stanley's
     mandatory statutory duty to indemnify Mr. Kwak for all necessary
     expenditures and losses Mr. Kwak has incurred through the first trial in
     the SEC action pursuant to Labor Code section 2802.

35.   Given Morgan Stanley's review, supervision, and approval of each of the subject trades,
Morgan Stanley's collection of commissions on each of the trades, and Morgan Stanley's ratification of
Mr. Kwak's conduct, Mr. Kwak has and continues to reasonably assume that all of the subject trading
activity met with all applicable industry standards as well as with Morgan Stanley's own internal policies
and procedures.

///

///

COMPLAINT

1      36.    The facts and circumstances set forth above further establish that Mr. Kwak reasonably

2    relied upon Morgan Stanley's review, supervision, approval, and ratification of the subject trading

3    activity.

4      37.    When Morgan Stanley refused Mr. Kwak's fall 2004 requests for Morgan Stanley to

5    provide him with a legal defense to the SEC action, Morgan Stanley instructed Mr. Kwak to present a

6    request for indemnification at a later date. Mr. Kwak was therefore compelled to retain his own counsel

7    with respect to both his rights against Morgan Stanley and with respect to the defense of his interests in

8    the SEC action. In so doing, Mr. Kwak changed his position in reliance on Morgan Stanley's actions.

9      38.    The facts set forth above and other facts establish that it would be inequitable and unjust

10   for Morgan Stanley to deny its mandatory statutory indemnification obligation under Labor Code section

11   2802 and to assert defenses to Mr. Kwak's indemnification demands.

12     39.    Mr. Kwak submits that the principles of the doctrine of equitable and/or judicial estoppel

13   should be invoked to prevent Morgan Stanley from denying its indemnification obligation.

14     40.    Moreover, given Morgan Stanley's fall 2004 refusal to provide Mr. Kwak with a defense

15   to the SEC action, Morgan Stanley is and should be estopped from challenging the amount of necessary

16   expenditures and losses incurred by Mr. Kwak.

17     41.    Mr. Kwak further submits that the facts and circumstances set forth above establish that

18   Morgan Stanley has waived any defenses to and/or the right to challenge the amount of such expenditures

19   and losses Mr. Kwak has incurred in the defense of the SEC action.

20                                  **FIRST CAUSE OF ACTION**

21                             **Violation of Labor Code Section 2802**

22                        **(Against Defendant Morgan Stanley and DOES 1-10)**

23     42.    Mr. Kwak herein realleges and incorporates by reference paragraphs 1 through 41 as

24   though fully set forth herein.

25     43.    Labor Code section 2802 states as follows:

26            (a)  An employer shall indemnify his or her employee for all necessary
              expenditures or losses incurred by the employee in direct consequence
27            of the discharge of his or duties, or of his or her obedience to the
              directions of the employer, even though unlawful, unless the employee,
28            at the time of obeying the directions, believed them to be unlawful.

                                            8

                                                                    COMPLAINT

04/15/2008 14:00 FAX 415 773 5759          ORRICK,HERRINGTON          ☐020/046
Case 3:08-cv-00689-BEN-LSP    Document 1    Filed 04/15/2008    Page 16 of 33

03/13/2008   17:50   ENGLISH GLOVEN → 19163294900                   NO.688   0012

(b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

44. The necessary expenditures and losses incurred by Mr. Kwak in the defense of the SEC action were incurred as a direct consequence of the discharge of Mr. Kwak's duties while he was employed with Morgan Stanley and/or were broadly incidental to Morgan Stanley's employment enterprise.

45. Mr. Kwak has presented Morgan Stanley with written requests for Morgan Stanley to indemnify him for all necessary expenditures and losses Mr. Kwak has incurred in the defense of his interests in the SEC action through the trial that concluded on or about November 29, 2007.

46. Morgan Stanley has failed to formally acknowledge Mr. Kwak's written requests and has failed to honor its mandatory statutory duty to indemnify Mr. Kwak for all necessary expenditures and losses incurred by Mr. Kwak in the SEC action through the trial that concluded on November 29, 2007.

47. Morgan Stanley's past and continuing refusal to acknowledge or honor its legal obligation to reimburse Mr. Kwak for all necessary expenditures and/or losses incurred by Mr. Kwak in his defense of the SEC action constitutes a breach of Morgan Stanley's mandatory statutory indemnification obligation under Labor Code section 2802 and related case law.

48. Morgan Stanley's breach of its mandatory statutory indemnification obligation under Labor Code section 2802 and related case law has caused Mr. Kwak general and special damages in an amount which will be proven at the time of trial but in an amount presently exceeding $530,000.

49. Morgan Stanley's past and continuing refusal to honor its mandatory statutory indemnification obligation under Labor Code section 2802 has been with the intent to deprive Mr. Kwak of his statutory rights and therefore constitutes malicious, oppressive and despicable conduct. The personal and financial hardships imposed upon Mr. Kwak by Morgan Stanley's past and continuing refusal to honor its mandatory statutory indemnification obligation has imposed a cruel and unjust

1   hardship upon Mr. Kwak such that the imposition of exemplary damages against Morgan Stanley

2   pursuant to California Civil Code section 3294 is warranted.

3                              **SECOND CAUSE OF ACTION**

4                      **Negligence Per Se – Labor Code section 2802**

5                  **(Against Defendant Morgan Stanley and DOES 1-20)**

6          50.    Mr. Kwak herein realleges and incorporates by reference paragraphs 1 through 49 as

7   though fully set forth herein.

8          51.    Mr. Kwak is one of the class of persons for whose protection Labor Code section 2802

9   was created.

10         52.    In the defense of the SEC action, Mr. Kwak has incurred necessary expenditures and/or

11  losses as a direct consequence of the discharge of his duties while employed with Morgan Stanley.

12         53.    The provisions set forth in Labor Code section 2802 are intended to protect employees,

13  such as Mr. Kwak, from devastating financial injury resulting from the performance of job related duties.

14         54.    Mr. Kwak has presented Morgan Stanley with written requests for Morgan Stanley to

15  indemnify him for all necessary expenditures and losses Mr. Kwak has incurred in the defense of his

16  interests in the SEC action through the trial that concluded on or about November 29, 2007.

17         55.    Morgan Stanley has failed to formally acknowledge Mr. Kwak's written requests and has

18  failed to honor its mandatory statutory duty to indemnify Mr. Kwak for all necessary expenditures and

19  losses incurred by Mr. Kwak in the SEC action through the trial that concluded on November 29, 2007.

20         56.    Morgan Stanley's past and continuing refusal to honor its mandatory statutory duty to

21  indemnify Mr. Kwak for all necessary expenditures and losses incurred in the defense of Mr. Kwak's

22  interests through November 29, 2007 constitute unlawful conduct which entitles Mr. Kwak to a

23  presumption of negligence against Morgan Stanley pursuant to California Evidence Code section 669.

24         57.    Morgan Stanley's breach of its mandatory statutory indemnification obligation under

25  Labor Code section 2802 has caused Mr. Kwak general and special damages according to proof but in

26  an amount presently exceeding $530,000.

27  ///

28  ///

                                   10                                **COMPLAINT**

04/15/2008 14:00 FAX 415 773 5759          ORRICK,HERRINGTON                    ✆ 022/046
Case 3:08-cv-00689-BEN-LSP    Document 1    Filed 04/15/2008    Page 18 of 33

03/13/2008    17:50    ENGLISH GLOVEN → 19163294900                    NO.688    P014

## THIRD CAUSE OF ACTION

### Declaratory Relief

### (Against Defendant Morgan Stanley and DOES 1-10)

58.    Mr. Kwak herein realleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59.    As set forth above, an actual controversy has arisen and now exists between Mr. Kwak and Morgan Stanley regarding Morgan Stanley's mandatory statutory indemnification obligation under Labor Code section 2802.

60.    Mr. Kwak requests a judicial determination of his rights and a declaration as to Morgan Stanley's duty to indemnify him for the necessary expenditures and losses he has incurred in the defense of the SEC action.

61.    A judicial determination is necessary and appropriate at this time under the circumstances set forth above so that Mr. Kwak may obtain reimbursement of funds rightfully owed to him by Morgan Stanley.

62.    Mr. Kwak seeks, without limitation, declaratory relief from this Court as follows:

a.    a declaration that Mr. Kwak has sustained necessary expenditures and losses as a direct consequence of the discharge of Mr. Kwak's duties while employed with Morgan Stanley;

b.    a declaration that Morgan Stanley's mandatory statutory duty to indemnify Mr. Kwak under Labor Code section 2802 has been triggered; and

c.    a declaration requiring Morgan Stanley to pay Mr. Kwak for all necessary expenditures and losses incurred by Mr. Kwak in the defense of the SEC action as required by Labor Code section 2802 including, without limitation, all attorney's fees and costs incurred by Mr. Kwak in securing indemnification from Morgan Stanley.

63.    The requested declaratory relief is appropriate and necessary as the SEC has stated its intent to retry the remaining four claims against Mr. Kwak beginning on or about July 7, 2008. Without

COMPLAINT

1  the indemnification due him under Labor Code section 2802, Mr. Kwak has and continues to be

2  significantly hindered in his ability to effectively fund a defense in that action.

3        64.   Mr. Kwak has been unsuccessful in obtaining Morgan Stanley's cooperation in fulfillment

4  of its statutory obligations under Labor Code section 2802 and will suffer harm if his rights under Labor

5  Code section 2802 are not expeditiously enforced.

6        WHEREFORE, Mr. Kwak prays judgment as follows:

7        <u>On the First Cause of Action</u>:

8      1.    For compensatory damages in an amount according to proof at trial;

9      2.    For all attorneys' fees incurred in securing indemnification from Morgan Stanley;

10      3.    For prejudgment interest on all such amounts;

11      4.    For exemplary damages according to proof;

12      5.    For costs of suit incurred herein; and

13      6.    For such other relief as the court may deem just and proper.

14        <u>On the Second Cause of Action</u>:

15      1.    For compensatory damages in an amount according to proof at trial;

16      2.    For all attorneys' fees incurred in securing indemnification from Morgan Stanley;

17      3.    For prejudgment interest on all such amounts;

18      4.    For costs of suit incurred herein; and

19      5.    For such other relief as the court may deem just and proper.

20        <u>On the Third Cause of Action</u>:

21      1.    For an order declaring that:

22          a.    Mr. Kwak has sustained necessary expenditures and losses as a direct

23              consequence of the discharge of Mr. Kwak's duties while employed with

24              Morgan Stanley;

25          b.    Morgan Stanley's mandatory statutory duty to indemnify Mr. Kwak under

26              Labor Code section 2802 has been triggered; and

27          c.    Morgan Stanley pay Mr. Kwak for all necessary expenditures and losses

28              incurred by Mr. Kwak in the defense of the SEC action as required by

                                                    COMPLAINT

1    Labor Code section 2802 including, without limitation, all attorneys' fees

2    and costs incurred by Mr. Kwak in securing indemnification from

3    Morgan Stanley.

4    2.    For all attorney's fees incurred in securing such declarations.

5    3.    For prejudgment interest on all such amounts;

6    4.    For costs of suit incurred herein; and

7    5.    For such other relief as the Court may deem just and proper.

8

9    Dated: March __19__, 2008                ENGLISH & GLOVEN
                                              A Professional Corporation
10

11                                            By: _____

12                                               Donald A. English
                                                 Jeffrey E. Flynn
                                              Attorneys for Plaintiff
13                                            Richard A. Kwak

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:   330 West Broadway
MAILING ADDRESS:   330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:   Central
TELEPHONE NUMBER:   (619) 685-6062

PLAINTIFF(S) / PETITIONER(S):   Richard A Kwak

DEFENDANT(S) / RESPONDENT(S):   Morgan Stanley & Co., Incorporated

KWAK VS. MORGAN STANLEY & CO., INCORPORATED

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00079870-CU-OE-CTL |
|---|---|

Judge: Yuri Hofmann                              Department: C-60

COMPLAINT/PETITION FILED: 03/13/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

04/15/2008 14:01 FAX 415 773 5759          ORRICK,HERRINGTON                    Ø026/046
Case 3:08-cv-00689-BEN-LSP     Document 1     Filed 04/15/2008     Page 22 of 33

03/13/2008   17:50   ENGLISH GLOVEN → 19163294900                    NO.688   P018

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00078870-CU-OE-CTL      CASE TITLE: Kwak vs. Morgan Stanley & Co., Incorporated

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Donald A. English, Esq. (State Bar No. 115569)<br>Jeffrey E. Flynn, Esq. (State Bar No. 167927)<br>English & Gloven, A Professional Corporation<br>550 West C Street, Suite 1800<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-338-6610   FAX NO. *(Optional):* 619-338-6657<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Richard A. Kwak | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: Richard A. Kwak

DEFENDANT/RESPONDENT: Morgan Stanley & Co., Incorporated

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-00079870-CU-OE-CTL |
|---|---|

TO *(Insert name of party being served):* Defendant Morgan Stanley & Co., Incorporated

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March ___, 2008

Jeffrey E. Flynn _____      ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
  1. [ x ] A copy of the summons and of the complaint.
  2. [ x ] Other; *(specify):* Notice of Case Assignment, Notice to Litigants/ADR Information Package

*(To be completed by recipient):*
Date this form is signed:

_____      ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005) | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|---|

1  TRISH M. HIGGINS (State Bar No. 119215)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  400 Capitol Mall, Suite 3000
   Sacramento, California 95814-4497
3  Telephone:  916-447-9200
   Facsimile:   916-329-4900
4
   ERIN M. CONNELL (State Bar No. 223355)
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, California 94105-2669
7  Telephone:  415-773-5700
   Facsimile:   415-773-5759
8
   Attorneys for Defendant
9  Morgan Stanley & Co., Inc.

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN DIEGO

12

13  RICHARD A. KWAK,                    CASE NO. 37-2008-00079870-CU-OE-
                                        CTL
14           Plaintiff,
                                        DEFENDANT MORGAN STANLEY
15       v.                             & CO., INC.'S ANSWER TO
                                        PLAINTIFF'S UNVERIFIED
16  MORGAN STANLEY & CO.,               COMPLAINT
    INCORPORATED; and DOES 1 through 20,
17  inclusive,

18           Defendants.

19

20

21                        GENERAL DENIAL

22       For its answer to plaintiff Richard A. Kwak's ("Kwak's") Complaint, defendant Morgan

23  Stanley & Co., Inc. ("Morgan Stanley") files this general denial pursuant to California Code of

24  Civil Procedure section 431.30(d) and hereby denies each and every allegation of the Complaint.

25  Defendant further asserts the following defenses:

26                        FIRST DEFENSE

27       1.    As a separate defense to the Complaint and to each cause of action therein,

28  Morgan Stanley alleges that Kwak fails to state a cause of action against Morgan Stanley.

OH3 West:260416831.1

1
## SECOND DEFENSE

2       2.      As a separate defense to the Complaint and to each cause of action therein,

3   Morgan Stanley alleges that Kwak's claims may be barred in whole or in part by the applicable

4   statute of limitation, including, but not limited to, California Code of Civil Procedure sections

5   335.1 and 338.

6
## THIRD DEFENSE

7       3.      As a separate defense to the Complaint and to each cause of action therein,

8   Morgan Stanley alleges that Kwak's recovery is barred in whole or in part by the doctrine of

9   estoppel.

10
## FOURTH DEFENSE

11      4.      As a separate defense to the Complaint and to each cause of action therein,

12  Morgan Stanley alleges that Kwak's recovery is barred in whole or in part by the doctrine of

13  laches.

14
## FIFTH DEFENSE

15      5.      As a separate defense to the Complaint and to each cause of action therein,

16  Morgan Stanley alleges that Kwak's recovery is barred in whole or in part by the doctrine of

17  waiver.

18
## SIXTH DEFENSE

19      6.      As a separate defense to the Complaint and to each cause of action therein,

20  Morgan Stanley alleges that Kwak's claims are barred because the acts that form the basis of the

21  suits for which he seeks indemnification were not in the course and scope of his employment.

22
## SEVENTH DEFENSE

23      7.      As a separate defense to the Complaint and to each cause of action therein,

24  Morgan Stanley alleges that Kwak's claim for declaratory relief is barred because the Complaint

25  fails to allege facts sufficient to justify declaratory relief.

26  ////

27  ////

28  ////

OHS West:2b0416831.1                         - 2 -

### EIGHTH DEFENSE

8.    As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that Kwak's prayer for compensatory damages of $530,000 or more is barred because such an amount is not reasonable nor "necessary," as required by applicable statutes.

### NINTH DEFENSE

9.    As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that any alleged conduct or omission of Morgan Stanley was not the cause in fact or proximate cause of any injury alleged by Kwak.

### TENTH DEFENSE

10.    As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that Kwak's claims are barred because he was careless, negligent and otherwise at fault in the matters alleged in the Complaint, and the alleged resulting injuries, if any, sustained by Kwak were proximately caused and contributed to by Kwak, and not by any acts or omissions to act by Morgan Stanley.

### ELEVENTH DEFENSE

11.    As a separate defense to the Complaint and to the each cause of action therein, Morgan Stanley alleges that any recovery by Kwak is barred or must be reduced as a result of Kwak's comparative fault.

### TWELFTH DEFENSE

12.    Kwak's claims are barred because he was careless, negligent and otherwise at fault in the matters alleged in the Statement of Claim, and the alleged resulting injuries, if any, sustained by Kwak were proximately caused and contributed to by Kwak, and not by any acts or omissions to act by Morgan Stanley.

////

////

////

////

OHS West:260416831.1

- 3 -

### THIRTEENTH DEFENSE

13.     As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that Kwak has failed to state facts sufficient to support an award of punitive ("exemplary"), compensatory, and/or emotional distress damages against Morgan Stanley.

### FOURTEENTH DEFENSE

14.     As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that Kwak, by Kwak's acts and omissions, is barred by the doctrine of unclean hands from asserting any of the claims upon which Kwak seeks relief.

### FIFTEENTH DEFENSE

15.     As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that Kwak's claims are barred by California Labor Code sections 2854, 2856 and 2858, respectively, to the extent that Kwak failed to use ordinary care and diligence in the performance of his duties, failed to comply substantially with the reasonable directions of his employer, and failed to exercise a reasonable degree of skill in performing his job duties.

### SIXTEENTH DEFENSE

16.     As a separate defense to the Complaint and to each cause of action therein, Morgan Stanley alleges that Kwak's prayer for punitive ("exemplary") damages must be stricken as such relief is not available for Kwak's claims and, furthermore, the Statement of Claim fails to state facts sufficient to form the basis for such relief.

### SEVENTEENTH DEFENSE

17.     To the extent Kwak is found to be entitled to indemnification, and Morgan Stanley denies that he is, Morgan Stanley is entitled to a set-off under Labor Code Section 2865 for necessary and reasonable costs and fees Morgan Stanley incurred as a direct consequence of Kwak's actions.

Morgan Stanley is still investigating the allegations of the Complaint. After further discovery in this case, if it discovers facts demonstrating the existence of additional defenses, Morgan Stanley will seek leave to amend this Answer for the purpose of so alleging.

OHS West:260416831.1                          - 4 -

1      WHEREFORE, Morgan Stanley prays for relief as follows:

2          1.     That the Complaint be dismissed with prejudice and that Kwak take nothing

3   thereby;

4          2.     For Morgan Stanley's cost of suit herein, including reasonable attorneys' fees; and

5          3.     For such other and further relief as the Court deems just.

6

7   Dated: April 15, 2008.                    TRISH M. HIGGINS
                                              ERIN M. CONNELL
8                                             ORRICK, HERRINGTON & SUTCLIFFE LLP

9
                                       By: *Erin Connell*
10                                             Erin M. Connell
                                            Attorneys for Defendant
11                                          Morgan Stanley & Co., Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States, more than eighteen years old and not a party to this

action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP,

The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669.

On April 15, 2008, I served upon plaintiff Richard A. Kwak **DEFENDANT MORGAN**

**STANLEY & CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** by

placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Donald A. English
> Jeffrey E. Flynn
> English & Gloven
> 550 West "C" Street, Suite 1800
> San Diego, CA 92101

I am employed in the county from which the mailing occurred. On the date indicated

above, I placed the sealed envelope for collection and mailing at this firm's office business

address indicated above. I am readily familiar with this firm's practice for the collection and

processing of correspondence for mailing with the United States Postal Service. Under that

practice, the firm's correspondence would be deposited with the United States Postal Service on

this same date with postage thereon fully prepaid in the ordinary course of business.

Executed on April 15, 2008, in the City and County of San Francisco, State of California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

_Kate Brandt_
Kate Brandt

OHS West:260416831.1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149759    — SH
* * C O P Y * *
April 15. 2008
15:45:15**

**Civ Fil Non—Pris**
USAO #.: 08CV0689
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: BC8084

**Total—>  $350.00**

FROM: KWAK V. MORGAN STANLEY

℠ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| RICHARD A. KWAK | MORGAN STANLEY & CO., INC. |

| (b) County of Residence of First Listed Plaintiff **San Diego**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>ENGLISH & GLOVEN<br>Donald A. English (SBN 115569), Jeffrey E. Flynn (SBN 167927)<br>550 West "C" Street, Suite 1800<br>San Diego, California 92101<br>(619) 338-6610 | Attorneys (If Known)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Trish M. Higgins (SBN 119215)<br>400 Capitol Mall, Sacramento CA 95814, (916) 447-9200<br>Erin M. Connell (SBN 223355)<br>405 Howard Street, San Francisco, CA 94105, (415) 773-5700 |

'08 CV 5 89 BEN POR

**VIA FAX**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☐ 3  Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2  U.S. Government<br>Defendant | ☒ 4  Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | or Defendant) | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | Transferred from<br>☐ 5 another district<br>(specify) | ☐ 6 Multidistrict<br>Litigation | Appeal to District<br>☐ 7 Judge from<br>Magistrate<br>Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332(a) and 1441(a)
Brief description of cause:
Plaintiff and defendant are of diverse citizenship, and amount in controversy exceeds $75,000.00.

## VII. REQUESTED IN     COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION     DEMAND $ _____     CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                                         JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S)     IF ANY

(See instructions)     JUDGE _____     DOCKET NUMBER _____

| DATE<br>April 15, 2008 | SIGNATURE OF ATTORNEY OF RECORD<br>Erin M. Connell     *Erin Connell* |
|---|---|

FOR OFFICE USE ONLY

RECEIPT # 149759     AMOUNT $350     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

Sca 4/15/08

