Donald A. English, Esq.       (State Bar No. 115569)
Jeffrey E. Flynn, Esq.        (State Bar No. 167927)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile:  (619) 338-6657

Attorneys for Plaintiff
Richard A. Kwak

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. KWAK, | Case No. 08-CV-689 BEN LSP |
| Plaintiff, | **RULE 26(f) REPORT** |
| v. | |
| MORGAN STANLEY & CO., INCORPORATED; and DOES 1 through 20, inclusive, | |
| Defendants. | |

The parties to this action, Plaintiff Richard A. Kwak ("Mr. Kwak"), by and through his attorneys of records, English & Gloven, A Professional Corporation, and Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley"), by and through its attorneys of record, Orrick, Herrington & Sutcliffe LLP, have met and conferred as required by Federal Rules of Civil Procedure Rule 26(f), and based thereon, jointly submit this report in compliance with this Court's June 19, 2008 order and Rule 26(f):

**I.   Brief Joint Statement on the Status of the Action**

On March 13, 2008 Mr. Kwak initiated this action against Morgan Stanley in state court alleging a violation of California Labor Code section 2802, negligence per se, and declaratory relief.

On April 15, 2008, Morgan Stanley filed an answer to Mr. Kwak's complaint.

On April 15, 2008, Morgan Stanley removed the case to this Court.

///

///

II. **Principal Issues of Fact and Law**

    A. **Plaintiff's List of Issues**

        1. Whether Morgan Stanley is obligated under Labor Code section 2802 to reimburse Mr. Kwak for the necessary expenditures and losses associated with Mr. Kwak's defense of his interests in the Securities and Exchange Commission v. Competitive Technologies, Inc., et al, U.S.D.C. Case No. 3:04-cv-1331-JCH, matter ("SEC action").

        2. Whether Morgan Stanley is estopped from challenging the reasonableness or necessity of the expenditures and losses incurred by Mr. Kwak in his defense of the SEC action given Morgan Stanley's review, supervision, and approval of the trading activity at issue as well as its receipt and retention of commissions on all such trades.

        3. Whether Morgan Stanley is estopped from challenging the reasonableness or necessity of the expenditures and losses incurred by Mr. Kwak in his defense of the SEC action given Morgan Stanley's June 2004 election not to defend Mr. Kwak in the SEC action despite several requests that it do so.

        4. Whether Morgan Stanley's December 2007 and continuing refusals to timely provide Mr. Kwak with indemnification for the necessary expenditures and losses incurred by Mr. Kwak in his defense of the SEC action constitutes a per se violation of California Labor Code section 2802.

        5. Whether Morgan Stanley's refusal to provide Mr. Kwak with indemnification for the necessary expenditures and losses associated with Mr. Kwak's defense in the SEC action constitutes willful, oppressive and/or fraudulent conduct under Civil Code section 3294.

        6. Whether Mr. Kwak is entitled to recover all attorney's fees and costs associated with his efforts to secure indemnification from Morgan Stanley pursuant to Labor Code section 2802, subdivision (c).

    B. **Defendant's List of Issues**

        1. Whether Mr. Kwak engaged in the fraudulent conduct charged in the SEC action, whether that conduct was within the course and scope of his employment, and whether the SEC action is unfounded.

///

2. Whether the amount of expenditures and fees that Mr. Kwak seeks to recover were necessary and were actually incurred.

3. Whether Mr. Kwak's conduct was culpably negligent such that Mr. Kwak has a duty to indemnify Morgan Stanley.

### III. Alternative Dispute Resolution

A further Early Neutral Evaluation Conference before Magistrate Judge Papas is scheduled for October 15, 2008.

### IV. Exchange of Initial Disclosures

The parties have exchanged initial disclosures pursuant to Rule 26(a)(1)(A).

### V. Anticipated Discovery

The parties anticipate participating in the following discovery: written discovery (interrogatories, document requests, requests for admission); document subpoenas to third parties; depositions of party and party-affiliated witnesses; depositions of third party witnesses; and expert discovery.

### VI. Proposed Scheduling Order Dates

#### A. Plaintiff's Position

Mr. Kwak understands Morgan Stanley intends to seek a stay of all proceedings in this action pending resolution of the SEC action. Mr. Kwak objects to and disagrees with Morgan Stanley's characterization of the SEC action and Morgan Stanley's proposed stay for several reasons. Initially, on November 29, 2007 the jury in the SEC action reached a finding of no liability on one count and could not reach a finding on three other counts against Mr. Kwak. The finding of no liability on the one count serves as an absolute trigger of Morgan Stanley's Labor Code section 2802 indemnification obligation. The remaining three counts are set for retrial on September 29, 2008. Mr. Kwak further submits that the issues in the SEC action are not determinative of the issues in this action. For example, the central issue in Mr. Kwak's Labor Code section 2802 action pending before this Court is whether the trading activity targeted by the SEC occurred within the course and scope of Mr. Kwak's employment with Morgan Stanley. Mr. Kwak's position is that it clearly did and that overwhelming evidence supports this fact. Morgan Stanley claims it did not, notwithstanding the fact that it reviewed, supervised, and approved the trading activity at issue and received and has retained commissions on all such trades. Course and scope

is not an issue in the SEC action. There is no jeopardy of unnecessary discovery and/or conflicting rulings as the action are separate and distinct. Mr. Kwak submits Morgan Stanley's attempt to have a stay issued in this action is nothing more than an attempt to avoid the inevitable. Mr. Kwak submits that discovery should go forward as set forth below as Mr. Kwak has been and continues to be severely harmed by Morgan Stanley's dilatory tactics.

Mr. Kwak therefore proposes the following scheduling order dates:

1. Fact Discovery Cut-Off (Excluding Expert Discovery)
   a. The parties' written discovery, including any depositions and subpoenas to third party percipient witnesses, shall commence following their respective initial disclosures.
   b. Depositions shall commence in October 2008.
      i. Mr. Kwak anticipates taking the deposition of Morgan Stanley's person(s) most knowledgeable in several categories; several third-party percipient witnesses, and any experts retained by Morgan Stanley; and
      ii. Morgan Stanley anticipates taking the deposition of Mr. Kwak, and other witnesses identified in its initial disclosure.
   c. The parties contemplate it will take approximately eight months to complete their written discovery and all party, percipient, and expert witness depositions.
   d. Fact discovery cut-off shall be March 31, 2009.
2. Disclosure of expert testimony and reports pursuant to Rule 26(a)(2) shall be on or before January 15, 2009.
3. Disclosure of rebuttal expert testimony and reports shall be on or before February 15, 2009.
4. Expert discovery cut-off, including depositions shall be on or before March 10, 2009.
5. Motions shall be heard no later then March 10, 2009.
6. Pretrial conference date: April 15, 2009.

1        7.    Trial date: May 1, 2009.

2     B.    **Defendant's Position**

In this action, Mr. Kwak seeks indemnification from Morgan Stanley for his expenditures and losses associated with his defense of the *Securities and Exchange Commission v. Competitive Technologies Inc. et al* matter, U.S.D.C. Case No. 3:04-cv-1331-JCH ("SEC action"), in which the SEC charges that Mr. Kwak engaged in various fraudulent securities activities. Following a trial in November 2007, which resulted in a hung jury (except as to one count), the SEC action is currently set for jury trial commencing September 29, 2008. However, any number of contingencies could delay the final resolution of that action, including a continued trial date, another hung jury, appeal, etc.

Morgan Stanley believes that proceedings in this action should be stayed pending resolution of the underlying SEC action. The outcome of the SEC action will substantially affect this action and may be dispositive of critical issues. Proceeding forward in this action prior to resolution of the SEC action may result in unnecessary discovery and conflicting rulings.

The parties have conferred, and plaintiff is not willing to stipulate to a stay of proceedings in this matter pending resolution of the SEC action. Accordingly, Morgan Stanley has reserved a hearing date of September 8, 2008 for its motion for a stay of proceedings. Morgan Stanley suggests that the August 13, 2008 case management conference be vacated and/or rescheduled for a date after September 8, 2008 to allow its motion for stay to be first adjudicated.

Dated: July 24, 2008            ENGLISH & GLOVEN
                                A Professional Corporation


                                By: /s/ Donald A. English
                                    Donald A. English
                                    Jeffrey E. Flynn
                                    Attorneys for Plaintiff
                                    Richard A. Kwak


Dated: July 24, 2008            ORRICK, HERRINGTON & SUTCLIFFE LLP


                                By: /s/ Trish M. Higgins
                                    Trish M. Higgins
                                    Attorneys for Defendant
                                    Morgan Stanley & Co. Incorporated

## CERTIFICATE OF SERVICE

I, Donald A. English, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and papers copies will be sent to those indicated as non-registered participants on July 24, 2008.

Dated: July 24, 2008

/s/ Donald A. English
Donald A. English