TRISH M. HIGGINS (State Bar No. 119215)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

AMY ROSS (State Bar No. 215692)
ERIN M. CONNELL (State Bar No. 223355)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5759

Attorneys for Defendant
Morgan Stanley & Co. Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. KWAK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MORGAN STANLEY & CO. INCORPORATED; and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Civil No. 08-0689-BEN (LSP)<br><br>**INDEX OF ATTACHMENTS TO DEFENDANT'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A COUNTERCLAIM**<br><br>Date:　　October 20, 2008<br>Time:　　10:30 a.m.<br>Dept:　　Courtroom 3<br>Judge:　　The Hon. Roger T. Benitez |

Memorandum of Points and Authorities ................................................................. MPA 1-9

Declaration of Erin M. Connell ............................................................................. DEC 1-3

Exhibit A to Declaration of Erin M. Connell ..................................................... EXH-A 1-61

Exhibit B to Declaration of Erin M. Connell ...................................................... EXH-B 1-7

Exhibit C to Declaration of Erin M. Connell ...................................................... EXH-C 1-2

Exhibit D to Declaration of Erin M. Connell ..................................................... EXH-D 1-3

Exhibit E to Declaration of Erin M. Connell ...................................................... EXH-E 1-2

Exhibit F to Declaration of Erin M. Connell ...................................................... EXH-F 1-6


TRISH M. HIGGINS (State Bar No. 119215)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

AMY ROSS (State Bar No. 215692)
ERIN M. CONNELL (State Bar No. 223355)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5759

Attorneys for Defendant
Morgan Stanley & Co. Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. KWAK,<br><br>   Plaintiff,<br><br>   v.<br><br>MORGAN STANLEY & CO. INCORPORATED; and DOES 1-20, inclusive,<br><br>   Defendants. | Civil No. 08-0689-BEN (LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM**<br><br>Date:   October 20, 2008<br>Time:   10:30 a.m.<br>Dept:   Courtroom 3<br>Judge:  The Hon. Roger T. Benitez |

MPA
1

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ..................... 1

III. THE COURT SHOULD GRANT MORGAN STANLEY'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM ................................................................................ 4

    A. Under Federal Law, Courts Freely Grant Leave To File Counterclaims When Justice So Requires .................................................................................. 4

    B. The Applicable Factors Demonstrate That The Court Should Grant Morgan Stanley Leave To File The Proposed Counterclaim ............................. 5

    C. The Interests Of Justice Warrant Granting Morgan Stanley Leave To File A Counterclaim ................................................................................................... 5

IV. CONCLUSION ................................................................................................................... 6

- i -

MPA
2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

# TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Ascon Properties, Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) .................................................................................... 4, 5

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir 1987) ............................................................................................ 4

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ......................................................................................... 4

*T. J. Stevenson & Co. v. 81, 93 Bags of Flour*,
629 F.2d 338 (5th Cir. 1980) ........................................................................................... 4

*Unispec Dev. Corp. v. Harwood K. Smith & Partners*,
124 F.R.D. 211 (D. A2. 1988) ......................................................................................... 4

### DOCKETED CASES

*Securities and Exchange Commission v. Competitive Technologies Inc. et al*,
U.S.D.C. Case No. 3:04-cv-1331-JCH ........................................................................ 2, 3

### STATE STATUTES

Cal. Lab. Code § 2802 ............................................................................................................ 2

Cal. Lab. Code § 2865 .................................................................................................... 1, 3, 5

### FEDERAL STATUTES

Fed. R. Civ. Proc. 15 (a) ........................................................................................................ 4

Fed. R. Civ. Proc. 13 (f) ......................................................................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

## I. INTRODUCTION

In the present action, Plaintiff Richard Kwak ("Kwak") seeks indemnification from Defendant Morgan Stanley ("Morgan Stanley") for alleged legal fees and costs incurred in defending an action brought against Kwak by the Securities Exchange Commission ("SEC"). California Labor Code section 2865 plainly entitles Morgan Stanley to indemnification or contribution from Kwak if it is determined that any of the alleged legal fees and costs at issue are due to Kwak's culpable negligence. Accordingly, the interests of justice dictate that Morgan Stanley be granted leave to file the proposed Counterclaim seeking indemnification and/or contribution from Kwak under the California Labor Code and California common law.

Indeed, because this case is in its early stage, and neither side has engaged in discovery, granting Morgan Stanley leave to file the proposed counterclaim will not prejudice Kwak. Similarly, Morgan Stanley has not delayed in bringing the motion. Further, because the actions alleged by the SEC in its action against Kwak constitute far more than culpable negligence, Kwak cannot be heard argue that Morgan Stanley's proposed counterclaim is futile. Finally, Morgan Stanley brings this motion in order to properly assert its legal rights against Kwak, and not for any bad faith reason. Accordingly, under the liberal standards applied by federal courts when ruling on motions for leave to file counterclaims, the relevant factors dictate granting Morgan Stanley's motion.

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Relevant Procedural History

On March 13, 2008, Kwak commenced the present action in the Superior Court of California for the County of San Diego. *See* Complaint. On April 15, 2008, Morgan Stanley timely served and filed its Answer to Kwak's Unverified Complaint. *See* Answer. Also on April 15, 2008, Morgan Stanley removed the present action to this Court on diversity grounds. *See* Notice of Removal.

///
///
///

MPA
4

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

### B. Kwak Seeks Indemnification For Legal Expenses Incurred In An Underlying SEC Action

Kwak's Complaint pleads three causes of action for (1) Violation of Labor Code Section 2802, (2) Negligence Per Se, and (3) Declaratory Relief. *See* Complaint. All three of Kwak's legal claims are based on his allegation that Morgan Stanley has refused to indemnify him for legal expenses incurred in defending against an SEC action brought against Kwak and seven other defendants: *Securities and Exchange Commission v. Competitive Technologies Inc. et al*, U.S.D.C. Case No. 3:04-cv-1331-JCH ("SEC action"). *See* Declaration of Erin M. Connell In Support Of Defendant's Motion For Leave To File A Counterclaim ("Connell Decl."), Ex. A (SEC Complaint).

More specifically, Kwak alleges that under Labor Code 2802, Morgan Stanley had, and continues to have, an obligation to indemnify him because "the necessary expenditures and losses incurred by Mr. Kwak in the defense of the SEC action were incurred as a direct consequence of the discharge of Mr. Kwak's duties while he was employed with Morgan Stanley and/or were broadly incidental to Morgan Stanley's employment." (Complaint, ¶ 44). Kwak further alleges that "Morgan Stanley's past and continuing refusal to honor its mandatory statutory duty to indemnify Mr. Kwak for all necessary expenditures and losses incurred in the defense of Mr. Kwak's interests through November 29, 2007 constitute unlawful conduct which entitles Mr. Kwak to a presumption of negligence against Morgan Stanley." (Complaint, ¶ 56). Additionally, Kwak seeks declaratory relief in the form of a declaration stating that Morgan Stanley is required to pay Kwak for "all necessary expenditures and losses incurred by Mr. Kwak in the defense of the SEC action as required by Labor Code section 2802 including, without limitation, all attorney's fees and costs incurred by Mr. Kwak in securing indemnification from Morgan Stanley." (Complaint, ¶ 62).

In its Answer, Morgan Stanley pleads as one of its affirmative defenses that "[t]o the extent Kwak is found to be entitled to indemnification, and Morgan Stanley denies that he is, Morgan Stanley is entitled to a set-off under Labor Code Section 2865 for necessary and reasonable costs and fees Morgan Stanley incurred as a direct consequence of Kwak's actions."

- 2 -

MPA
5

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

(Answer, ¶ 17).[1]

### C. The Underlying, Ongoing SEC Action Alleges Kwak Attempted To Manipulate Stock Prices For His Personal Benefit

The SEC action alleges that Kwak and his co-defendants engaged in the following misconduct with respect to a company called Competitive Technologies, Inc. (CTT):

> From at least July 1998 and June 2001, the defendants artificially raised and maintained the price of CTT's stock and created a false or misleading appearance with respect to the market for CTT stock through manipulative practices such as placing buy orders at or near the close of the market in order to inflate the reported closing price (a practice known as 'marking the close'), placing successive buy orders in small amounts at increasing prices (a practice known as 'painting the tape'), and using accounts they controlled or serviced to place pre-arranged buy and sell orders in virtually identical amounts (a practice known as 'matched trades') and to place other buy orders intended to minimize the negative impact on CTT's price from sales of the stock. . .The defendants carried out their scheme in an attempt to enrich themselves and avoid losses, including margin calls, by artificially inflating and maintaining the price of CTT stock.

Connell Decl., Ex. A (SEC Complaint, ¶ 1).

Based on the factual allegations cited above, the SEC claims that Kwak violated Sections 9(a), 10(b), and Rule 10-b5 of the Securities and Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933. Connell Decl., Ex. A (SEC Complaint, ¶¶ 51-62, 67-70). At the initial trial of the SEC action in November 2007, the jury found Kwak not liable on the Section 17(a) claim, but was unable to reach a verdict on the remaining four counts. *See* Connell Decl., Ex. B; Complaint, ¶ 25. Accordingly, the SEC is scheduled to retry those counts in a second jury trial commencing January, 2009. *See* Connell Decl., ¶ 2.

### D. Kwak Refused To Stipulate To Morgan Stanley Filing The Proposed Counterclaim

On September 10, 2008, defense counsel asked counsel for Kwak if Kwak would stipulate to Morgan Stanley bringing the proposed counterclaim. *See* Connell Decl., Ex. C (September 10, 2008 Letter From Trish Higgins To Jeffrey Flynn) & Ex. D (Stipulation to File Counterclaim). On September 11, 2008, defense counsel again asked counsel for Kwak if Kwak would stipulate

---

[1] In relevant part, California Labor Code section 2865 states, "An employee who is guilty of a culpable degree of negligence is liable to his employer for the damages thereby caused to the employer." Cal. Lab. Code § 2865.

- 3 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

MPA 6

to Morgan Stanley filing the proposed counterclaim, and sent Kwak a copy of the proposed counterclaim. *See* Connell Decl., Ex. E (September 11, 2008 Letter From Trish Higgins To Jeffrey Flynn) & Ex. F (Proposed Counterclaim). Kwak did not so stipulate. *See* Connell Decl., ¶ 5. Accordingly, Morgan Stanley is forced to file the present motion seeking leave from the Court.

### III. THE COURT SHOULD GRANT MORGAN STANLEY'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM[2]

#### A. Under Federal Law, Courts Freely Grant Leave To File Counterclaims When Justice So Requires

Federal Rule of Civil Procedure 15(a) provides that a party may amend any pleading by leave of the court and instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a). Additionally, when "justice so requires," a court has discretion to grant a party leave to file a counterclaim. Fed. R. Civ. Proc. 13(f). Because federal policy strongly favors determination of cases on their merits, these policies should be applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).[3]

Federal courts routinely grant leave to file counterclaims so as to prevent a later plea of waiver or res judicata. *See T. J. Stevenson & Co. v. 81,193 Bags of Flour*, 629 F.2d 338, 370 n. 65 (5th Cir. 1980) ("leave shall be freely given when justice so requires"); *Unispec Dev. Corp. v. Harwood K. Smith & Partners*, 124 F.R.D. 211, 213 (D. Az. 1988) ("Rule 13(f) is interpreted liberally in order to settle all claims in one action"). Accordingly, leave to file a counterclaim should be granted unless the opposing party makes a showing of undue prejudice, bad faith on the part of the moving party, or that the proposed counterclaim is futile. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (addressing the standard for amending a complaint to add additional claims). Courts also consider whether the party seeking leave has

---

[2] For the Court's convenience, a copy of the proposed counterclaim is attached as Exhibit F to the accompanying Declaration of Erin Connell.

[3] Some of the federal cases cited in this memorandum address leave to <u>amend a pleading</u> to add additional claims or Counterclaim. Here, however, Morgan Stanley filed its pleading (*i.e.*, its Answer) in state court before removing the case to federal court. Accordingly, because Morgan Stanley does not seek to make any substantive changes to its Answer, Morgan Stanley seeks leave only to add a Counterclaim, and not to amend its state court Answer. Because the ultimate relief sought is the same, however, the same standards apply.

- 4 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

requested to do so in the past. *See id.*

### B. The Applicable Factors Demonstrate That The Court Should Grant Morgan Stanley Leave To File The Proposed Counterclaim

None of the narrow exceptions cited above apply to Morgan Stanley's motion for leave to file a counterclaim. There was no undue delay in bringing the motion; the parties have not yet engaged in any discovery in this case, and Morgan Stanley is bringing this motion within the deadline set by the Court in its July 25, 2008 Case Management Conference Order. *See* Case Management Conference Order (¶ 1); Connell Decl., ¶ 6. Moreover, neither bad faith nor dilatory motive prompted this motion, and Morgan Stanley has not filed any previous motions seeking leave to add additional claims. Connell Decl., ¶ 7. Further, no undue prejudice will befall Kwak because he is aware of the factual allegations raised in the Counterclaim (indeed, they already are asserted as an affirmative defense in Morgan Stanley's Answer). *See* Answer, ¶ 17. Additionally, Kwak has not yet propounded any discovery, and the discovery cut-off in this action is not until February 6, 2009. *See* Case Management Conference Order (¶ 5); Connell Decl., ¶ 6. Accordingly, Kwak has not missed any opportunity to conduct discovery relevant to the Counterclaim, and has plenty of time to do so moving forward. Finally, because Section 2865 plainly entitles Morgan Stanley to indemnification or contribution from Kwak if he is found to have engaged in culpable negligence, and because the actions alleged by the SEC, if proven true, constitute far more than culpable negligence, Kwak cannot be heard to argue that Morgan Stanley's Counterclaim is futile. Connell Decl., Ex. A (SEC Complaint, ¶ 1).

### C. The Interests Of Justice Warrant Granting Morgan Stanley Leave To File A Counterclaim

Finally, the interests of justice warrant granting Morgan Stanley's motion. Adjudication of Kwak's claims will involve a determination of whether or not he is entitled to indemnification from Morgan Stanley for the alleged legal expenses and costs he has incurred in defending the SEC action, as well as in pursuing the present action. *See* Complaint. California law plainly entitles Morgan Stanley to indemnification or contribution from Kwak to the extent that any of those alleged legal expenses and costs are due to Kwak's own culpable negligence. *See* Cal. Lab. Code § 2865. Kwak's claims and Morgan Stanley's Counterclaim arise from the same

- 5 -

MPA
8

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))

transactions and occurrences. Accordingly, the interests of justice dictate that Morgan Stanley be allowed to assert its claims and the interests of judicial economy and efficiency are best promoted by adjudicating these issues in the same action.

IV. **CONCLUSION**

For the foregoing reasons, Morgan Stanley respectfully requests that the Court grant its motion in its entirety, and grant Morgan Stanley leave to file a Counterclaim.

Dated: September 12, 2008

TRISH M. HIGGINS
AMY ROSS
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP


By:_____/s/ Erin M. Connell_____
Erin M. Connell
Attorneys for Defendant
Morgan Stanley & Co. Incorporated

- 6 -

MPA
9

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE A COUNTERCLAIM (08-0689-BEN (LSP))