1

TRISH M. HIGGINS (State Bar No. 119215)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:   916-447-9200
Facsimile:   916-329-4900

AMY ROSS (State Bar No. 215692)
ERIN M. CONNELL (State Bar No. 223355)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone:   415-773-5700
Facsimile:   415-773-5759

Attorneys for Defendant
Morgan Stanley & Co. Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. KWAK,<br><br>             Plaintiff,<br><br>      v.<br><br>MORGAN STANLEY & CO. INCORPORATED; and DOES 1-20, inclusive,<br><br>             Defendants. | Civil No. 08-0689-BEN (LSP)<br><br>**EXHIBIT F TO DECLARATION OF ERIN M. CONNELL IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM**<br><br>Date:    October 20, 2008<br>Time:    10:30 a.m.<br>Dept:    Courtroom 3<br>Judge:   The Hon. Roger T. Benitez |

OHS West:260513509.1

EXHIBIT F TO DECLARATION OF ERIN M. CONNELL
IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE COUNTERCLAIMS (08-0689-BEN (LSP))

EXH-F
1

1  TRISH M. HIGGINS (State Bar No. 119215)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  400 Capitol Mall, Suite 3000
   Sacramento, California 95814-4497
3  Telephone:   916-447-9200
   Facsimile:   916-329-4900
4
   AMY ROSS (State Bar No. 215692)
5  ERIN M. CONNELL (State Bar No. 223355)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
6  The Orrick Building
   405 Howard Street
7  San Francisco, California 94105-2669
   Telephone:   415-773-5700
8  Facsimile:   415-773-5759

9  Attorneys for Defendant
   Morgan Stanley & Co. Incorporated
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. KWAK,<br><br>            Plaintiff,<br><br>     v.<br><br>MORGAN STANLEY & CO. INCORPORATED; and DOES 1-20, inclusive,<br><br>            Defendants. | Civil No. 08-0689-BEN (LSP)<br><br>**DEFENDANT AND COUNTER-CLAIMANT MORGAN STANLEY & CO. INCORPORATED'S COUNTERCLAIM AGAINST PLAINTIFF AND COUNTER-DEFENDANT RICHARD A. KWAK** |
| MORGAN STANLEY & CO. INCORPORATED,<br><br>            Counter-Complainant,<br><br>     v.<br><br>RICHARD A. KWAK,<br><br>            Counter-Defendant. | |

Defendant and Counter-Complainant Morgan Stanley & Co., Inc. ("Morgan Stanley") hereby brings its Counterclaim against Plaintiff and Counter-Defendant Richard A. Kwak ("Kwak") and alleges as follows:

## JURISDICTION AND PARTIES

1. The Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. section 1332 based on the following facts:

   a. Cross-Complainant Morgan Stanley is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.

   b. Upon information and belief, Cross-Defendant Kwak is an individual who is a citizen of the state of California.

   c. The amount in controversy exceeds $75,000.00, exclusive of costs and interests.

2. The Court also has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), inasmuch as this Court has diversity jurisdiction over the claims brought by Kwak, and Morgan Stanley's counterclaims arise from the same transactions and occurrences at issue on Kwak's complaint, and therefore is so related to those claims as to form part of the same case or controversy under Article III of the United States Constitution.

3. The Court has personal jurisdiction over Kwak because Kwak is already before the Court on Kwak's complaint.

## VENUE

4. Venue is proper in the Southern District of California pursuant to § 1391(a) and/or § 1391(b) inasmuch as a substantial part of the events and transactions that give rise to both Kwak's claims and Morgan Stanley's counterclaims occurred within this Court's district.

## FACTUAL ALLEGATIONS

5. Kwak was employed by Morgan Stanley as a Financial Advisor in San Diego, California from about March 1998 to about September 2004.

6. During Kwak's employment with Morgan Stanley, the Securities and Exchange

OHS West:260510532.2   - 1 -   DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S COUNTERCLAIMS AGAINST RICHARD A. KWAK (08-0689-BEN (LSP))

EXH-F
3

1  Commission ("SEC") commenced an investigation ("SEC investigation") concerning allegations
2  that Kwak and others had engaged in a fraudulent scheme to manipulate the price of stock of
3  Competitive Technologies, Inc. ("CTT"). The SEC investigation as to Kwak concerned trades of
4  CTT stock initiated by Kwak between July 1998 and June 2001, during the time that he was
5  employed by Morgan Stanley.

6     7.   Following the initiation of the SEC investigation, Morgan Stanley provided Kwak
7  with legal representation relating to the SEC investigation at Morgan Stanley's expense.

8     8.   On August 11, 2004, the SEC filed a complaint in the United States District Court,
9  District of Connecticut, Case No. 3:04-cv-1331-JCH ("the SEC action") against Kwak and seven
10 other defendants. The SEC alleges that Kwak and his co-defendants "artificially raised and
11 maintained the price of CTT's stock and created a false or misleading appearance with respect to
12 the market for CTT stock through manipulative practices such as placing buy orders at or near the
13 close of the market in order to inflate the reported closing price (a practice known as 'marking the
14 close'), placing successive buy orders in small amounts at increasing prices (a practice known as
15 'painting the tape'), and using accounts they controlled or serviced to place pre-arranged buy and
16 sell orders in virtually identical amounts (a practice known as 'matched trades') and to place other
17 buy orders intended to minimize the negative impact on CTT's price from sales of the stock."
18 The SEC further alleges that Kwak and his co-defendants "used CTT's own stock purchase plan
19 to offset selling pressure, place late-day orders, and maintain the stock price." The SEC further
20 alleges that Kwak and his co-defendants "carried out their scheme in an attempt to enrich
21 themselves and avoid losses, including margin calls, by artificially inflating and maintaining the
22 price of CTT stock."

23    9.   Based on the factual allegations cited in Paragraph 8 above, the SEC claims that
24 Kwak violated Sections 9(a), 10(b), and Rule 10-b5 of the Securities and Exchange Act of 1934
25 and Section 17(a) of the Securities Act of 1933.

26    10.  At the initial trial of the SEC action in November 2007, the jury found Kwak's co-
27 defendant Sheldon Strauss liable on all counts: for violating Sections 9(a)(1), 9(a)(2), and 10(b)
28 of the Exchange Act and Section 17(a) of the Securities Act, and for aiding and abetting Steele.

1   With respect to Kwak, the jury found Kwak not liable on the Section 17(a) claim, but was unable
2   to reach a verdict on the remaining four counts. Accordingly, the SEC is scheduled to retry those
3   counts in a second jury trial commencing in January, 2009.
4       11.     On March 13, 2008, Kwak commenced the present action by filing a complaint in
5   the Superior Court of California for the County of San Diego entitled "Richard A. Kwak,
6   Plaintiff, vs. Morgan Stanley & Co., Incorporated; and Does 1 through 20, inclusive,
7   Defendants," No. 37-2008-00079870-CU-OE-CTL, which was subsequently removed to this
8   Court. Kwak seeks indemnification from Morgan Stanley for alleged necessary expenditures and
9   losses incurred by Kwak in the defense of the SEC action in an amount exceeding $530,000.00.
10  Morgan Stanley denies that Kwak is entitled to indemnification under California law.

## FIRST CAUSE OF ACTION

**(Claim For Indemnification or Contribution Under Cal. Lab. Code § 2865)**

12.     Morgan Stanley incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 11, inclusive.

13.     Kwak's acts and omissions alleged in Paragraph 8 above, if proven true, constitute "a culpable degree of negligence" within the meaning of California Labor Code section 2865.

14.     As a proximate cause of Kwak's culpable degree of negligence as alleged above, Morgan Stanley has been damaged in an amount to be proven at trial. Morgan Stanley's damages include the costs of providing Kwak with legal defense, as well as any losses as a result of the present lawsuit, including the amount of any award to Kwak.

15.     Under California Labor Code section 2865, Kwak is liable to indemnify Morgan Stanley for the damages that his culpable degree of negligence proximately caused Morgan Stanley, or to contribute an amount, to be proven at trial, to Morgan Stanley to offset its damages.

## SECOND CAUSE OF ACTION

**(Claim For Indemnification or Contribution Under Common Law)**

16.     Morgan Stanley incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 11, inclusive.

17.     Under common law, the doctrine of equitable indemnity permits a party to obtain

OHS West:260510532.2                   - 3 -                    DEFENDANT MORGAN STANLEY & CO. INCORPORATED'S COUNTERCLAIMS AGAINST RICHARD A. KWAK (08-0689-BEN (LSP))

EXH-F
5

1 | indemnity or contribution from another on a comparative fault basis.

2 | 18. Kwak's acts and omissions alleged in Paragraph 8 above, if proven true, demonstrate that Kwak was at fault in incurring the expenditures and losses associated with the SEC investigation and civil action, including the costs of defense as well as the costs of the present lawsuit.

19. As a proximate cause of Kwak's acts and omissions alleged in Paragraph 8 above, Morgan Stanley has been damaged in an amount to be proved at trial.

20. Between Morgan Stanley and Kwak, the responsibility for Kwak's alleged acts and omissions rests with Kwak, not Morgan Stanley, and it is Kwak, not Morgan Stanley, who should bear liability for the damages caused by his alleged acts and omissions.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Cross-complainant Morgan Stanley respectfully requests that this Court grant judgment in its favor on its Counterclaim, and grant the following relief against Kwak:

1. Damages in an amount to be proved at trial;
2. For interest in amount to be proved at trial;
3. Costs of suit, including reasonable attorneys' fees and expenses;
4. For such other relief as this Court deems just and proper.

Dated: September 12, 2008

TRISH M. HIGGINS
AMY ROSS
ERIN M. CONNELL
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Trish M. Higgins_____
Trish M. Higgins
Attorneys for Defendant
Morgan Stanley & Co. Incorporated